IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD MITCHELL,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 05-cv-284-WDS** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 84-cr-30005** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**STEIHL, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

In 1984, Petitioner was convicted of armed robbery and sentenced to 20 years imprisonment. His conviction was affirmed by the Seventh Circuit. *See United States v. Mitchell*, 788 F.2d 1232 (7th Cir. 1986). In May 1987, Mitchell filed a 28 U.S.C. § 2255 motion in this Court. The motion was dismissed on the merits on July 24, 1987, and the dismissal affirmed by the Court of Appeals on March 17, 1989. In November 1987, Petitioner filed a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that again challenged his conviction. The Court construed the motion as one under section 2255 and denied it on February 17, 1988. The Court of Appeals affirmed on March 17, 1989. In February 1989, Mitchell filed another section 2255 motion, which the Court dismissed on November 21, 1989. In April 1997, Petitioner filed a "Motion to Dismiss Indictment" which the Court construed as a motion under section 2255 and dismissed. In 1998, Petitioner twice filed a

request in the Seventh Circuit to file a successive section 2255 motion. Both requests were denied. On July 19, 2000, Petitioner filed a motion for a writ of error coram nobis. The Court denied the motion. The Seventh Circuit reversed the Court's dismissal and remanded with instructions that the motion was another successive section 2255 petition that should be dismissed for lack of jurisdiction.[1]

Petitioner filed the instant motion under § 2255 on April 18, 2005, again challenging the 1984 conviction.

On April 24, 1996, the President signed the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 (" the Act"). Section 105 of the Act amends § 2255 in several ways, including the addition of this final unnumbered paragraph:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Thus, only the Seventh Circuit Court of Appeals may authorize the commencement of a second or successive petition.

> Unlike the former standard, under which a second petition could be pursued unless the government established that it was an abuse of the writ, *see McCleskey v. Zant,* 499 U.S. 467, 477, 494-5, 111 S.Ct. 1454, 1461, 1470-71, 113 L.Ed.2d 517 (1991), the new prior-approval device is self-executing. From the district court's perspective, it is the allocation of subject-matter jurisdiction to the court of appeals.

---

[1] Procedural history detailed in *Ronald Mitchell v. United States*, No. 00-4112 (7th Cir. Feb. 14, 2001) (order reversing and remanding with instruction to dismiss for lack of jurisdiction).

> A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. Even an explicit consent by the government to beginning the case in the district court would be ineffectual; the power to authorize its commencement does not reside in either the district court or the executive branch of government. A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

*Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *Roldan v. United States,* 96 F.3d 1013, 1014 (7th Cir. 1996). Because there is nothing in the record to establish that Petitioner has been granted a certification from the Seventh Circuit Court of Appeals to pursue this successive motion under § 2255, this court is without jurisdiction to entertain the motion.

Accordingly, Petitioner's motion under § 2255 (Doc. 1) is **DENIED** and the action is **DISMISSED for lack of jurisdiction**.

**IT IS SO ORDERED.**

**DATED: March 6, 2006**

                                                **s/ WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**